July 22, 2009

The Honorable Heather Hollub
25th Judicial District Attorney
113 South River, Suite 205
Seguin, Texas 78155

Opinion No. GA-0730

Re: Whether a district attorney's occupation of office space leased by the county from the district attorney's spouse constitutes a conflict of interest (RQ-0780-GA)

Dear Ms. Hollub:

You ask about the legality of a county's lease of office space in a building owned by the spouse of the newly elected district attorney.[1] You relate that Guadalupe County leases space in a privately-owned building in Seguin, which has housed the office of district attorney since 1984 and the office of the 25th judicial district judge since 2005. Requestor's Brief at 1. You further inform us that Mr. Gerald Hollub purchased the building in 1991, that you and Mr. Hollub married in 2001, and that you were elected as district attorney for a term beginning on January 1, 2009. *Id.* at 1–2. The county renewed the leases for the office space in December 2008, prior to the beginning of your term of office. *Id.*

Specifically, you ask, "Is there a conflict of interest or a violation of public policy if an elected official, other than a member of the County Commissioners Court, continues to occupy office space leased by the County Commissioners Court in a building owned by the elected official's spouse?" *Id.* at 3. Although "conflict of interest" and "public policy" are broad concepts, your request identifies only the laws regulating and the public policy pertaining to conflicts of interest of a local government official, as reflected in chapter 171 of the Local Government Code and in the common law. *Id.* at 4–8.[2] Chapter 171 generally governs local public officials' pecuniary conflicts

---

[1]*See* Requestor's Brief at 3 (*available at* http://www.texasattorneygeneral.gov).

[2]In particular, public policy is a "vague and uncertain" concept. *Tex. Commerce Bank, N.A. v. Grizzle*, 96 S.W.3d 240, 250 (Tex. 2002) (quoting *Sherrill v. Union Lumber Co.*, 207 S.W. 149, 153–54 (Tex. Civ. App.—Beaumont 1918, no writ)). Public policy may find expression in various sources of law, such as the constitution, statutes, or the common law. *Montgomery v. Browder*, 930 S.W.2d 772, 778 (Tex. App.—Amarillo 1996, writ denied); *see also Dardas v. Fleming, Hovenkamp & Grayson, P.C.*, 194 S.W.3d 603, 613 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (observing that a court may deem the Texas Disciplinary Rules of Professional Conduct as an expression of public policy and determine that a contract violating the rules is unenforceable). We do not attempt to
(continued...)

of interest and expressly "preempts the common law of conflict of interests as applied to local public officials." TEX. LOC. GOV'T CODE ANN. § 171.007(a) (Vernon 2008). *See generally id.* §§ 171.001–.010 ("Regulation of Conflicts of Interest of Officers of Municipalities, Counties, and Certain Other Local Governments").[3]  Accordingly, we limit our analysis to whether the district attorney's continued occupancy of the county's leased office space under the circumstances described would violate chapter 171 of the Local Government Code.

Section 171.004 is the chapter's primary provision regulating a local public official's pecuniary interests. *Id.* § 171.004. Under that section, a local public official may be required to disclose a substantial interest in a business entity or real property prior to a vote or decision involving the business entity or real property and to abstain from further participation in the matter. *Id.* § 171.004(a)(2). While section 171.004's application depends on several factors, most pertinent to your question is that "section 171.004 applies only to a local official who may participate in a vote or decision of the governmental entity" involving the business entity or real property in which the official has an interest. Tex. Att'y Gen. Op. No. GA-0510 (2007) at 2.

Statutory authority to lease office space "for the housing of county or district offices" is expressly vested in the county commissioners court. TEX. LOC. GOV'T CODE ANN. § 292.001(a) (Vernon 2005); *see also* TEX. GOV'T CODE ANN. § 41.107(a) (Vernon 2004) (authorizing the commissioners court to furnish a prosecuting attorney with "office space"). Further, you represent that neither you nor your predecessor participated in the negotiations for the contract, voted on the contract, or participated in any decision concerning the contract. Requestor's Brief at 6 n.6. Thus,

---

[2](...continued)
expression of public policy and determine that a contract violating the rules is unenforceable). We do not attempt to catalogue the myriad public policy concerns that, depending on the particular facts, might be relevant to a county's lease of office space.

Also, "conflict of interest" is a similarly broad concept encompassing a variety of circumstances and conduct. *See, e.g.,* TEX. LOC. GOV'T CODE ANN. §§ 176.001–.012 (Vernon 2008) (requiring disclosure statements by members of governing body of a local government entity and certain employees who contract with the entity); TEX. GOV'T CODE ANN. §§ 572.001–.061 (Vernon 2004 & Supp. 2008) (financial statements, standards of conduct, and conflict of interest provisions); *id.* §§ 573.001–.084 (Vernon 2004) (nepotism provisions). For example, under chapter 572 of the Government Code, a district attorney is expressly included in the definitions of an "elected officer" and a "state officer" and, as such, may be subject to the chapter's provisions as applicable. TEX. GOV'T CODE ANN. § 572.002(4)(E), (12) (Vernon Supp. 2008) (definitions). *Compare id.* §§ 572.021 (personal financial statement required of state officers), and *id.* § 572.051 (standards of conduct of state officers and employees) *with id.* § 572.057(a) (Vernon 2004) (prohibiting a legislator, certain "officer[s] elected in a statewide election," and certain related business entities from leasing "office space or other real property to the state, a state agency, the legislature or a legislative agency, the Supreme Court of Texas, the Court of Criminal Appeals, or a state judicial agency"). We confine our analysis to the question asked, namely, the potential application of chapter 171 of the Local Government Code or related common law in the circumstances you have described.

[3]No court has addressed whether chapter 171's definition of a "local public official" includes a district attorney. *See* TEX. LOC. GOV'T CODE ANN. § 171.001(1) (Vernon 2008) (defining a "local public official" as an elected or appointed officer of "any district" or "who exercises responsibilities beyond those that are advisory in nature"). We assume for purposes of this opinion that a district attorney is a local public official subject to chapter 171.

because the district attorney did not vote or participate in a decision concerning the county's lease of office space, the district attorney's continued occupancy of office space under the circumstances you describe does not constitute a conflict of interest under chapter 171 of the Local Government Code.

As a final matter, we received a brief asserting that the described circumstances create an appearance of impropriety and raise ethical concerns. Brief of Guadalupe County Attorney (Mar. 31, 2009). The resolution of questions concerning appearances of impropriety generally fall outside the scope of an attorney general opinion. *Cf.* Tex. Att'y Gen. Op. No. GA-0557 (2007) at 3 (questions concerning the appearance of impropriety under the Texas Disciplinary Rules of Professional Conduct are inappropriate in an attorney general opinion). As such, we do not address those concerns. We note, however, that the analysis and conclusion in this opinion is based on a strict application of chapter 171 of the Local Government Code to the unique fact scenario described in your brief.

## S U M M A R Y

A district attorney's occupation of office space leased by the county commissioners court from the spouse of the district attorney under the factual scenario described in the requestor's brief does not constitute a conflict of interest under chapter 171 of the Local Government Code.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee